UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE HARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1017 HEA |
| | ) |
| WALGREEN CO. ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss, [# 6]. Plaintiff has not filed a response to the motion in accordance with the Court's Local Rules. For the reasons set forth below, the motion is granted.

## **Facts and Background**

Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri on November 9, 2004. Plaintiff's Complaint is styled "Wrongful Termination" and alleges that she was wrongfully terminated from her employment with defendant and that "the claims against her and the reasoning for her firing were false; retaliatory in nature, and were a result of an effort to deprive her of her employment due to her age and expertise."

Defendant removed this matter based on the Court's diversity of citizenship jurisdiction and noted that the court may also have federal question jurisdiction; the

allegations of the Complaint may have been intended to raise a Title VII claim.

Defendant now moves to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), arguing that plaintiff has failed to state a cause of action because she does not set forth a statutory basis, *i.e.*, Title VII or the Missouri Human Rights Act, for her Complaint. Defendant argues, therefore, that plaintiff has failed to state a cause of action since there is no public policy exception to the "at will" employment doctrine in light of statutory provisions regulating improper employment terminations.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff." *Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*,

228 F.3d at 905. Further, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

## Discussion

Assuming, as the Court must, all the allegations of plaintiff's Complaint as true and drawing all reasonable inferences therefrom, plaintiff may be able to state a cause of action under the federal or state civil rights statutes. Admittedly, plaintiff has not set forth whether she is proceeding under one or both of these statute, but she has claimed that defendant's actions were "in retaliation", and has articulated throughout the Complaint, actions which could fall within the perameters of either of the civil rights statutes. The Complaint, however is deficient in that it fails to notify defendant of the basis for the claim, *i.e.*, whether in fact plaintiff is proceeding under the civil rights statutes or as defendant argues, whether plaintiff is attempting to recover under an exception to the "at will" employment doctrine. As

such, plaintiff's Complaint fails to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure which requires plaintiff to set forth a short and plain statement of the claim showing that she is entitled to relief. This Complaint must therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [# 6] is granted. Plaintiff is given 14 days from the date of this Order to file an Amended Complaint consistent with the Federal Rules of Civil Procedure.

Dated this 22nd day of July, 2005.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE